## SUPREME COURT.

THE HEBRON SOCIETY, &c., agt. SAMUEL SCHOEN and others.

The mortgagor of mortgaged premises, who died seized thereof, left by
   will a legacy to his daughter Cecelia, not making it a charge upon the
   real estate. He left sufficient personal property to pay the legacies,
   and bequeathed the " remainder," including the real estate, to his sons.
*Held,* that Cecelia has no interest in the mortgaged premises, and was
   therefore not a necessary party to this action to foreclose the mortgage.
*Held,* that the fact that the executors have wasted the personal property,
   and have neglected to pay the legacy, cannot charge the real estate with
   such payment.

*Special Term, October,* 1880.

MOTION to set aside sale made under a decree of foreclosure,
and to release the purchaser upon the ground that the defend-
ant Cecelia Schoen, a daughter of the mortgagor, being an
infant, had not been served with a copy of the summons, and
had appeared in the action, not by a guardian *ad litem,* but
by attorney.

*M. S. Thompson,* for motion.

*Max Moses,* opposed.

VOL. LX      24

VAN VORST, *J.* — An examination of the papers upon this motion leads me to the conclusion, in opposition to the contention of the counsel for the purchaser at the sale under the judgment of foreclosure, that Cecelia Schoen has no interest in the mortgaged premises, and was, therefore, not a necessary party to the action, and the failure to bring her in properly, is of no moment.

The mortgagor, who died seized of the mortgaged premises, subject to the mortgage, by his last will and testament made certain pecuniary bequests, among which was one to his daughter Cecelia Schoen of $2,000. It is supposed by the counsel appearing for this motion, that the legacy to Cecelia was made a charge upon the testator's real estate. The will does not in terms so charge the realty, and I do not find from an examination thereof that any implication arises of such intention.

The pecuniary legacies are in the first instance payable out of the personal estate (*Manson* agt. *Manson,* 8 *Abbt. N. C.,* 123, *and cases there cited*).

The moving papers do not show that there was any deficiency of personal assets to pay the legacies in full, and, on the other hand, the affidavits in opposition do state that the testator left sufficient personal property to pay the legacies.

That, it appears to me, disposes of the question and rebuts any presumption that the testator meant to burden the real estate with the payment of legacies.

It is charged, however, that the executors have wasted the personal property and have neglected to pay the legacy in question. But such fact cannot charge the real estate with the payment of this bequest. The real estate passes, by a clause in the will, to the testator's sons.

It is true that the gift to the sons is of the "remainder" of all the testator's estate, real and personal, and if the fact had been that there was not personal property sufficient to pay the legacy the question might, perhaps, have arisen (*Kalbfleish* agt. *Kalbfleish,* 67 *N. Y.,* 354). But, under the facts above

stated, it is not perceived that Cecelia Schoen has any claim to subject the realty to the payment of her legacy.

If the executors have wasted the personal estate, her claim is against them. The motion is denied, with costs, and the purchaser must complete his purchase.